CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJIO
APR 17 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARTHUR LEWIS, <br> Petitioner, | Civil Action No. 7:14-cv-00146 |
| v. | MEMORANDUM OPINION |
| ASHBY R. PRITCHETT, <br> Respondent. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Arthur Lewis, proceeding pro se, filed a petition for a writ of habeas corpus to challenge the criminal judgment entered by the Circuit Court of Martinsville on June 9, 1998, that ordered him to pay approximately $1,300 in costs and to serve thirteen years' incarceration and three years' supervised release. The court conditionally filed the petition and ordered Petitioner to explain how he was in the custody of a state official. Petitioner acknowledges in his response that he is no longer incarcerated or under supervised release but argues that the monetary penalties of his conviction are difficult to pay because he is blind and unemployed.

Section 2254 habeas relief is available only to a person who is "in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The Supreme Court has construed this provision to be jurisdictional and to require that 'the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.'" Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir. 2012), citing Maleng v. Cook, 490 U.S. 488, 490 (1989) (emphasis omitted). Petitioner fails to establish how the judgment from the Circuit Court of Martinsville subjects him to an actual or imminent restraint on his liberty, and any remaining requirement to pay fines or costs is not the equivalent of such a restraint as to constitute custody. See, e.g., Jones v. Cunningham, 371 U.S. 236, 242-43 (1963); Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984).

Accordingly, the jurisdictional requirement of 28 U.S.C. § 2254 is not satisfied, and the petition is dismissed without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 17th day of April, 2014.

Senior United States District Judge